Bissell, J.,
delivered the opinion of the court.
The superintendent of The New Discovery mine, on behalf of Robert Drennon the owner, issued the following time check: —
“ New Discovery Mine, Dec. 27,1888.
This is to certify that George Ross has worked in the month of November, 27 days at $8.00 per day, amounting to $81.00 less $40.00 paid, leaving due him $41.00. For month of December, 22-|- days at $3.00 per day, amounting to $67.50. Total amount due $108.50, Ernest Wendland.” M. F. Ross as assignee sued Drennon before a justice in Lake county and recovered a judgment for the amount of the check. This judgment was affirmed in the county court. It was brought by appeal to the supreme court, whence it was transferred to the court of appeals for determination. There was no controversy concerning the performance of the labor by Ross, or the issue of the time check on Drennon’s account.' It seems to have been conceded that George Ross indorsed the check on the 27th of December, 1888, “Discovery Mine pay the above to M. F. Ross. George Ross.” The record is silent concerning the delivery to M. F. Ross after the indorsement, but it was assumed on the trial that she acquired title to the paper. The dispute arose out of a payment of the money in another judicial proceeding to which Drennon and George Ross were parties. Prior to the commencement *183 of the present action one Robinson sued George Ross and got judgment against him for more than the amount of the paper. After Robinson obtained judgment he garnisheed Drennon. Drennon answered before the justice, and stated that Ross had worked for him at the mine, and had earned $108.50 which had not been paid him. In answer to the inquiry whether he was still indebted to Ross on that account, he said a time check had been issued for the wages, and if it had not been transferred and still belonged to George Ross he owed him that money. George Ross and the assignee were both present when Drennon answered. Immediately on the completion of the answer, the justice entered judgment against the garnishee for that amount. Thereupon Drennon paid the money into court in satisfaction of the judgment. Neither during the proceedings, nor subsequently, did the assignee take any steps to protect her claim. She permitted the judgment to go unchallenged, and allowed the payment to be made without objection. A few days after-wards she brought this suit against Drennon to recover the money. Unless the result be forced by some well established principle of law it would be inequitable under the circumstances to permit Ross to gather his harvest twice.
Ever since the decision in the Rio Grande Extension Company v. Coby, 7 Colo. 300, it has been the settled law of this state that memorandum checks of this description are negotiable paper under the Colorado statutes. This negotiability, however, is not coextensive with this characteristic when applied to ordinary commercial paper. Under none of the décisions has the owner been protected to the limit always accorded to the holder of the paper of commerce when he acquires a title in good faith and for a valuable consideration before maturity. The holder undoubtedly acquires the right to maintain an action upon the memorandum in his own name, and it will be subject to no defenses growing out of any transactions between the original parties occurring after notice of the assignment. The burden and the duty of giving notice devolves on the assignee. If he fails to give notice he can *184 not complain if the payor set up a defense growing out of his subsequent dealings with the original payee. Moore v. Metropolitan Bank, 55 N. Y. 41; 2 Parsons’ Notes & Bills, chap. 2, sec. 4, p. 46.
M. F. Ross never gave any notice to Drennon that she was the holder or the owner of the check. She made no attempt during the trial of the garnishment proceedings to present, or assert her claim, but permitted the garnishee to answer, judgment to pass, and the money to be paid without protest. Under these circumstances it violates no settled principle of law to hold that the payment by the garnishee, which he had a right to make under the statute, is an ample defense to a suit by the assignee to recover the money.
The judgment entered by the county court does not accord with the law, and the case must be reversed and remanded.

Meversed.